Brady, J.
This action is founded upon an undertaking executed by the defendant for Ignatz Martin, Jr., to procure the removal of a case from the district court to the court of common pleas.
The complaint alleges the pendency of the action, the removal to the court of common pleas, the execution of the undertaking, the recovery of the- judgment in the common pleas, and its non-payment.
The answer admits the allegations of the complaint except non-payment and avers a settlement between the plaintiff and Martin by which the judgment was to be satisfied setting out the agreement in detail, and also averring the complete compliance with its terms. The agreement embraced two judgments, one against Ignatz Martin, Jr., which was secured by the undertaking, and one against *354 Eleanor Martin, both of which were to be satisfied by the-payment of the sum agreed upon.
On the trial it appeared that the agreement was dated July ID, 1886, whereby the plaintiff agreed to accept $300, in full, of the amount of both judgments, $100 to be paid when it was executed, $100 in three months by a note made payable at 465 Central avenue, Brooklyn, and $100 in six months by a note payable at the same place. The agreement further expressly provides that if the notes, or either of them, were not paid when due the settlement should be void, and the amount received thereon, or on the notes at any time thereafter, should be received as payments on account of the judgments. It was further shown that the satisfaction pieces contemplated by the agreement were signed and held by the plaintiff’s attorney subject to the rights of the judgment debtor on compliance with the agreement and that a general release was executed by Ignatz Martin, Jr., in favor of the plaintiff and delivered to his attorney as part of the transaction. It also appeared that after the-first note became due it was presented for payment and was protested. It was subsequently paid, however, and the second note also, but, upon the protest of the first note, a communication dated October 18, 1886, was addressed and sent to Ignatz Martin, Jr., by the plaintiff’s attorney advising him that under the stipulation the whole judgment was payable, and with this communication the release mentioned was returned to him.
The fact that the first note was not paid when it matured, namely, on the thirteenth of October, was not occasioned by the failure of Martin to do any act which in legal contemplation he was required to perform. It appears, from the evidence, of which there is no contradiction that he remained at his home from the thirteenth to the sixteenth of October awaiting the presenting of the note and the demand of its payment, that no demand was made and that, on the sixteenth he went in pursuit of Mr. Wehle for the purpose of paying the note, which was presented during his absence and protested.
The note was due, according to the uncontradicted statement of Martin, on the thirteenth, as already suggested. He stated upon the trial that there was a special agreement between Mr. Wehle and himself that no days of grace were-to be given. This statement was not contradicted by Mr. Wehle, who took the stand as a witness, and no objection was made to the admission of the evidence of Martin as to the special agreement. The result is that the plaintiff failed to perform his duty if he desired to avail himself of the strict performance of the contract, namely to present it on the day it was due when Martin stood ready to pay it. *355 To allow him to avail himself of the absence of Martin upon another day when the presentation of the note could not be' anticipated, would enable him to take advantage of his own wrong. The jury were doubtless impressed with the conviction that the facts and circumstances developed by the evidence were a satisfactory demonstration of an intention to deprive Martin of the advantages oí the agreement which he had made, and by which the judgments were to be reduced upon the payment of his notes, and there seems to be some justification for this view.
Of course the moral aspect of the transaction is not a controlling one, but inasmuch as Martin was ready at the time and place to pay the note when it became due, and so continued during the whole of the next day, and on the day-following sought the office of the plaintiff’s attorney for the purpose of paying it, the case is one in which, it may be said with great propriety that Martin was ready to and did substantially comply with all the obligations imposed upon him by the note and by the agreement of which it formed a Eart. It was the duty of the holder of the note to seek im at his residence, and to seek him at a time when it was to be expected as a part of the contract that he would be present and prepared to respond to its obligations. He was so present and prepared. The plaintiff not having himself, or through his agent, presented the note, was bound to make a personal application for payment or a notification that it was required to be paid before any hostile proceedings could, with propriety, be adopted. 'More particularly so, as under the evidence of Martin, uncontradicted as already stated, it clearly appears that the protest was improperly made, for the reason that the note was not presented on the day when it became due.
For these reasons the judgment should be affirmed.
Van Oh. and concur in the result.